UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JEFFREY DARREY,**

    **Plaintiff,**

v.                                    Case #_____

**UNITED OF OMAHA**
**LIFE INSURANCE COMPANY,**

    **Defendants.**

_____/

## COMPLAINT

The Plaintiff, JEFFREY DARREY (hereafter referred to as "DARREY") sues the Defendant, UNITED OF OMAHA LIFE INSURANCE COMPANY (hereafter referred to as "UNITED OF OMAHA"), and states:

### Jurisdiction and Venue

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

3. UNITED OF OMAHA is an insurance company licensed to transact business In Florida, which is or was at all relevant times engaged in business in this District.

4. DARREY is and/or was a former employee of Vistra Communications, LLC., and his employment was based within this District.

5. Venue in this District is proper pursuant to 29 U.S.C. §1132(e).

**Governing Plan & Background Facts**

6. DARREY is and/or was a participant in each of the plans, funds, programs, or arrangements described herein, or in the alternative, was at all times relevant a participant in each of the plans, funds, programs, or arrangements described herein.

7. At all relevant times, DARREY was a participant in an employee benefit plan providing disability benefits sponsored by his employer, Vistra Communications, LLC ("the Plan").

8. Vistra Communications, LLC is the Plan Sponsor.

9. Vistra Communications, LLC played no part in the administration of the plan or claims determination.

**10.** A copy of the document which was purported to be the Plan's funding document, a group insurance policy, is attached hereto and incorporated by reference as **Exhibit "A."** DARREY believes that the Group Policy was prepared by UNITED OF OMAHA, not Vistra Communications, LLC.

11. The document claimed to be the Group Policy is a group disability insurance policy issued and underwritten by UNITED OF OMAHA (Group Policy No. GLTD-0BF5D– Exhibit "A").

12. UNITED OF OMAHA made benefit determinations under the group policy, including the determinations made on Plaintiff's claim.

13. The Plan's terms do not grant discretionary authority to UNITED OF OMAHA, or alternatively, the Plan Administrator or Plan Sponsor did not have the authority to delegate or did not properly delegate discretion to UNITED OF OMAHA to make claim determinations.

14. De novo review applies to this action.

15. UNITED OF OMAHA not only decides which claims are paid under the Plan, but it also pays any such claims from its own assets. To the extent that the court determines that de novo review does not apply, the following factors must be considered:

   a) UNITED OF OMAHA's conflict of interest based on its paying claims when the funds at stake are not plan assets, but instead are UNITED OF OMAHA assets; and

   b) As the insurer of the Plan which also makes claim determinations, UNITED OF OMAHA is subject to a higher than marketplace duty as an ERISA fiduciary.

16. Neither UNITED OF OMAHA nor Vistra Communications, LLC has provided any document(s) that confers discretion from Vistra Communications, LLC to UNITED OF OMAHA pursuant to DARREY's multiple requests for the same.

## Long Term Disability Claim

17. DARREY became disabled on October 10, 2018 and made a claim for Short Term Disability benefits which were approved and paid by UNITED OF OMAHA.

18. After the Short Term Disability period, UNITED OF OMAHA began review of the Long Term Disability claim.

19. DARREY' benefits were denied in a letter dated August 20, 2019, from UNITED OF OMAHA which was sent to DARREY's employer.

20. In that denial letter, UNITED OF OMAHA indicated that DARREY had not met the provisions of the policy.

21. UNITED OF OMAHA did not provide any detail to the reasoning of the denial or indicate what policy provisions were not satified.

22. DARREY appealed that denial in an email dated October 8, 2019, before hiring an attorney.

23. On October 18, 2019, DARREY submitting a letter from his treating physician Norman J. Castellano, M.D. discussing the treatment of DARREY and October 2018 diagnosis of bacterial endocarditis.

24. On October 28, 2019 – after the claim was denied - UNITED OF OMAHA advised DARREY about the review concerning a pre-existing condition and a lookback period of July 1, 2018 through September 30, 2018 for the first time.

25. The definition of disability as stated in the Plan for Pre-existing and Total Disability are as follows:

> *EFFECT OF A PRE-EXISTING CONDITION WITH PRIOR COVERAGE*
> *Prior Group Disability Plan Coverage Maintained by the Policyholder*
> *If You become insured under the Policy on the Policy Effective Date and were covered under a prior group disability plan on the day before the Policy Effective Date, any benefits payable under the Policy for a Disability due to a Pre-existing*
> *Condition will be determined as follows:*
> *a) If You cannot satisfy the Pre-existing Conditions provision of the Policy, but have satisfied the pre-existing condition provision under the prior group disability*
> *plan, giving consideration towards continuous time covered under both plans, We will pay the lesser of the benefit:*
> *1. that would have been paid under the prior group disability plan; or*
> *2. payable under the Policy.*
> *b) If You cannot satisfy the Pre-existing Conditions provision under the Policy or of the prior group disability plan, no benefit under the Policy will be payable.*
> *PRE-EXISTING CONDITION EXCLUSION*
> *A Pre-existing Condition means any Injury or Sickness for which You received medical treatment, advice or consultation, care or services, including diagnostic measures, or had drugs or medicines prescribed or taken in the 3 months prior to the day You become insured under the Policy.*
> *We will not provide benefits for any Disability caused by, attributable to, or resulting from a Pre-existing Condition which begins in the first 12 months after You are continuously insured under the Policy.*
>
> ---
>
> *Disability and Disabled mean that because of an Injury or Sickness, a significant change in Your*

- 5 -

> *mental or physical functional capacity has occurred in which:*
> *a) during the Elimination Period, You are prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and*
> *b) after the Elimination Period, You are:*
> *1. prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and*
> *2. unable to generate Current Earnings which exceed 99% of Your Basic Monthly Earnings due to that same Injury or Sickness.*

26. UNITED OF OMAHA also advised DARREY of a lookback period of November 1, 2017 through January 31, 2018 corresponding to the coverage he had with UnitedHealthCare Insurance Company prior to his inception of the UNITED OF OMAHA Long Term Disability Policy.

27. DARREY's first heart surgery in October 2017 involving aortic insufficiency resulting in an aortic valve replacement.

28. Following DARREY's first surgery he made a prompt recovery and return to work in January 2018.

29. DARREY worked from January 2018 to October 2018 with no limitation in his ability to engage in his occupational duties.

30. In October 2018, DARREY contracted bacterial endocarditis, and had a second aortic valve replacement.

31. Followings DARREY's second surgery he developed debilitating chronic fatigue.

32. DARREY was unable to return to work on a full-time basis following his second surgery.

33. UNITED OF OMAHA conducted a physician peer review with Trent Thomas, M.D..

34. Dr. Thomas is an employee of the parent company of Defendant, UNITED OF OMAHA, holding the position of Vice President and Medical Director of Mutual of Omaha on October 18, 2019.

35. Without examining DARREY, Dr. Thomas opined that DARREY's second surgery and subsequent chronic fatigue was a result of the first surgery.

36. Dr. Thomas opined that DARREY's bacterial endocarditis was a result of the first surgery, however, no diagnosis following the subsequent months state bacterial endocarditis.

37. Dr. Castellano explained to UNITED OF OMAHA that a diagnosis of acute bacterial endocarditis and subacute bacterial endocarditis would have resulted in death had it been left untreated for nearly 10 months, as reflected in literature from the Mayo Clinic and Harvard Health, attached hereto and incorporated by reference as Exhibit "B."

38. DARREY would not have lived 9+ months post-surgery with a bacterial endocarditis infection.

39. DARREY was not diagnosed with bacterial endocarditis until his October 17, 2018 admission to the hospital.

40. DARREY was not diagnosed with bacterial endocarditis during either lookback period.

41. UNITED OF OMAHA rendered a decision on November 26, 2019 upholding the denial of benefits.

42. DARREY did not hire an attorney until he had exhausted pre-suit remedies.

43. The undersigned counsel upon inception on representation of DARREY requested that UNITED OF OMAHA's send a complete copy of its claim file upon review of the final denial letter dated November 26, 2019.

44. The undersigned counsel received a claim file containing only 271 pages of documents.

45. UNITED OF OMAHA failed to supply a full and complete copy of the claim file used to determine that DARREY did not meet the definition of disability or its claim file lacked copies of medical records which were relevant to its determination about which it should have been aware.

46. UNITED OF OMAHA's claim file did not contain records from the lookback periods, yet Dr. Thomas claimed that he reviewed such records when providing his opinion.

47. Dr. Thomas' opinion as to whether DARREY met the definition of disability cannot be verified as valid.

48. UNITED OF OMAHA denied DARREY's claim on the basis of the policy's pre-existing condition exclusion.

49. UNITED OF OMAHA failed to conduct a full and fair review and acted erroneously, arbitrarily, and capriciously when it:

   a. Failed to obtain relevant records about which it was aware or should have been aware;

   b. Relied upon a paper review by one of its employees (or an employee of related company) which cited to records which its claim decision-makers had not reviewed;

   c. Ignored the opinion or DARREY's treating providers regarding the fatality risk of DARREY's condition and the likelihood of DARREY's death had he actually had the condition following his first surgery as claimed by Dr. Thomas;

   d. Failed to properly evaluate the possible cause of DARREY's bacterial endocarditis infection;

   e. Failed to conduct a proper investigation;

   f. Failed to properly evaluate medical literature regarding bacterial endocarditis.

## Long Term Disability Benefits at Issue

50. UNITED OF OMAHA owes DARREY's benefits from April 18, 2019 through the date of filing this lawsuit at a rate of $7,500.00 per month.

51. There are 9 months of past due monthly benefit payments owed

through the date of filing this action; and at the rate of $7500.00 per month, UNITED OF OMAHA has deprived DARREY of the aggregate sum of $67,921.99.

52.  Plaintiff is entitled to benefits herein because:

   a) The benefits are permitted under the Plan.

   b) Plaintiff has satisfied all conditions to be eligible to receive the benefits.

   c) Plaintiff has not waived or relinquished entitlement to the benefit.

53.  Each monthly benefit payment owed since April 18, 2019, is a liquidated sum and became liquidated on the date the payment was due and payable. Plaintiff seeks prejudgment interest on each such payment.

54.  Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), DARREY is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent him in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

**WHEREFORE**, the Plaintiff, JEFFREY DARREY, asks this Court to enter judgment against the Defendant, UNITED OF OMAHA, a foreign corporation, finding that:

   a) The Plaintiff is entitled to Long Term Disability benefits from April 18, 2019, through the filing of this lawsuit; and

b) Awarding the Plaintiff plan benefits in the amount not paid to the Plaintiff from April 18, 2019, to the date of filing this lawsuit—a total of $67,921.99 —together with prejudgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

c) Awarding the Plaintiff a reasonable attorney fees and costs incurred in this action; and

d) For such other and further relief as this Court deems just and proper, including but not limited to:

1. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

2. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

3. ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be

paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

DATED this **24th** day of **January 2020**

        ***/s/ John V. Tucker***
JOHN V. TUCKER, ESQUIRE
Florida Bar # 0899917
tucker@tuckerlawgroup.com

WILLIAM C. DEMAS, ESQUIRE
Florida Bar # 0142920
demas@tuckerlawgroup.com

TUCKER LAW GROUP, P.A.
5235 16th St. North
St. Petersburg, FL 33703
Tel.: (727) 572-5000
Fax: (727) 571-1415

Attorneys/Trial Counsel for Plaintiff